Filed 2/22/23  P. v. McClay CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KASHUN DANTE MCCLAY,<br><br>    Defendant and Appellant. | D079688<br><br><br>(Super. Ct. No. SCD286314) |

APPEAL from judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Judgment affirmed.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Warren Williams and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Kashun Dante McClay pled guilty to driving under the influence (DUI) and admitted he suffered two prior felony DUI convictions. He appeals his upper-term sentence of three years under retroactive application of Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567). Because we conclude any sentencing error was harmless, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Around 9:00 a.m. in April 2020, McClay drove onto a naval base after a night of " 'partying' " because, he explained, it was " '4/20.' " A preliminary alcohol screening test revealed his blood alcohol content (BAC) at 11:06 a.m. was 0.246 percent. An Intoxilyzer breath test at 1:22 p.m. had him at 0.240 percent. A bottle of Hennessy was found underneath his driver's seat.

In February 2021, McClay pled guilty to violating Vehicle Code section 23152, subdivisions (a) and (b) (counts 1 and 2, respectively). He admitted to having two prior felony DUI convictions within 10 years (Veh. Code, § 23550.5, subd. (a)) and a BAC of 0.15 percent or more at the time of the charged offenses (Veh. Code, § 23578). He agreed to be sentenced by the trial court and acknowledged he could receive the maximum sentence of three years state prison.

At sentencing in October 2021, the trial court sentenced McClay to the upper term of three years state prison on count 1 and stayed an upper term of three years on count 2 pursuant to Penal Code[1] section 654.

## DISCUSSION

McClay appeals his sentence on the sole basis of Senate Bill 567.

---

[1]    Undesignated statutory references are to the Penal Code.

At the time he was sentenced, section 1170, former subdivision (b), left it to the sentencing judge's "sound discretion" to select the appropriate term within a sentencing triad that "best serves the interests of justice." (§ 1170, former subd. (b), as amended by Stats. 2018, ch. 1001 (Assem. Bill No. 2942) § 1.) Less than three months later, the amendments to section 1170 under Senate Bill 567 took effect. Effective January 1, 2022, a "court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) However, "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Senate Bill 567's amendments to section 1170, subdivision (b), are ameliorative and apply retroactively to McClay under the rule of *In re Estrada* (1965) 63 Cal.2d 740. (See, e.g., *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 (*Flores*); *People v. Lopez* (2022) 78 Cal.App.5th 459, 465 (*Lopez*); *People v. Jones* (2022) 79 Cal.App.5th 37, 45 [defendant whose convictions remained nonfinal on appeal "entitled to retroactive application of the ameliorative changes effected by Senate Bill 567"].) Although the parties agree amended section 1170, subdivision (b), applies to McClay's nonfinal sentence and there was error under the new law, they disagree on whether the error requires us to vacate the sentence and remand for resentencing. Here, we conclude any error under the amended law was harmless and remand is not warranted.

The probation officer's report identified six factors in aggravation in recommending the trial court impose an upper term sentence of three years state prison: (1) McClay engaged in violent conduct that indicates a serious danger to society; (2) his prior convictions as an adult are numerous and date back 20 years to 2001; (3) he has served multiple prior prison terms; (4) he was released on post release community supervision at the time of the charged DUIs; (5) his prior performance on probation and parole was unsatisfactory; and (6) as he admitted, he had a BAC of 0.15 percent or more at the time of the charged DUIs.

But in choosing the upper term sentence, the trial court did not (as is typically done) state that it considered, *or relied on*, the probation report. Nor did the court recite any of the six factors in aggravation set forth in the probation report as a basis for its sentencing decision. Instead, the court focused on McClay's seven prior DUI convictions chronicled by the probation officer as part of McClay's 20-year criminal history. And as McClay states in his opening brief on appeal, "the court stated it was specifically sentencing appellant to the upper term based on the aggravating circumstance that '[appellant has] had seven DUI[s.]' " The court explained its sentencing decision:

> "So let's remember what the purposes of punishment are . . . .
> They are deterrents, incapacitation, and retribution . . . . [¶] But
> there are other goals and punishments, not just to protect the
> public. There is incapacitation, which is essentially warehousing
> the defendant in retribution, which is to inflict a certain amount
> of pain that would cause some type of deterrents for the
> defendant. [¶] *I recognize he's had seven DUIs. And so, actually,
> I am going to give him the three years in state prison, but I am not
> doing it for the protection of the public. I am doing it under a
> retribution weighing of punishment; that he deserves that type of
> punishment for continually violating the laws. [¶] The best thing
> to do with him would be to put him on probation for ten years and*

4

*on a SCRAM device, but that is not one of my options.*" (Italics added.)

McClay does not identify any other aggravating factors relied on by the court.

According to the probation report, McClay has suffered the following seven prior DUI convictions based on his own guilty pleas:

(1) On August 7, 2001, in case C213990, he pled guilty to a misdemeanor DUI (Veh. Code, § 23152, subd. (a));

(2) On March 23, 2003, in case M890819, he pled guilty to a misdemeanor DUI causing injury (Veh. Code, § 23153, subd. (a));

(3) On March 3, 2006, in case M952339, he pled guilty to a misdemeanor DUI (Veh. Code, § 23152, subd. (a));

(4) On August 26, 2008, in case SCD215226, he pled guilty to a felony DUI (Veh. Code, § 23152, subd. (a)) and admitted the allegation the offense occurred within 10 years of three or more DUIs (Veh. Code, § 23550, subd. (a)), and was sentenced to two years state prison;

(5) On December 6, 2011, in case SCD237697, he pled guilty to a felony DUI (Veh. Code, § 23152, subd. (a)) and admitted the allegation the offense occurred within 10 years of a felony DUI (Veh. Code, § 23550.5), and was sentenced to 32 months state prison. This is the first of the two prior DUI convictions McClay admitted as part of his guilty plea to the instant offenses.

(6) On January 13, 2016, in case SCD263623, he pled guilty to a felony DUI (Veh. Code, § 23152, subd. (b)) and admitted the allegation the offense occurred within 10 years of a felony DUI (Veh. Code, § 23550.5), and was sentenced to four years state prison; and

(7) On April 2, 2019, in case SCD274765, he pled guilty to a felony DUI (Veh. Code, § 23152, subd. (a)), and was sentenced to two years state prison. This is the second of the two prior DUI convictions McClay admitted as part of his guilty plea to the instant offenses.

5

McClay contends the trial court's reliance on the five DUI convictions he did not admit constituted error under amended section 1170, subdivision (b), because no certified records of those convictions were presented, he did not stipulate to them, and there was no true finding beyond a reasonable doubt. We agree with McClay, and so we will proceed to assess that error for prejudice under the two-step harmless error analysis this court articulated in *Lopez, supra*, 78 Cal.App.5th 459.[2]

The first question we ask is whether we can "conclude beyond [a] reasonable doubt that a jury would have found true beyond a reasonable doubt *all* of the aggravating factors on which the trial court relied in exercising its discretion to select the upper term." (*Lopez, supra*, 78 Cal.App.5th at p. 467, fn. 11; *id*. at pp. 465–466.) " 'The failure to submit a sentencing factor to a jury may be found harmless if the evidence supporting that factor is overwhelming and uncontested, and there is no "evidence that could rationally lead to a contrary finding." ' " (*Id*. at p. 465.) "If the answer to this question is 'yes,' then the defendant has not suffered prejudice from the court's reliance on factors not found true by a jury in selecting the upper term." (*Id*. at p. 467, fn. 11.)

But if the answer is " 'no,' " then we turn to the second question. (*Lopez, supra*, 78 Cal.App.5th at p. 467, fn. 11.) We ask whether the record *clearly indicates* "the trial court *would have exercised its discretion to impose*

---

[2] Because the parties agree the harmless error analysis under *Lopez* applies, we do not address the current conflict among the courts on how to assess error under Senate Bill 567, which will be resolved by our Supreme Court. (See *Flores, supra*, 73 Cal.App.5th 1032; *Lopez, supra*, 78 Cal.App.5th 459; *People v. Wandrey* (2022) 80 Cal.App.5th 962, review granted Sept. 28, 2022, S275942; *People v. Dunn* (2022) 81 Cal.App.5th 394, review granted Oct. 12, 2022, S275655; *People v. Zabelle* (2022) 80 Cal.App.5th 1098.)

*the upper term* based on a single permissible aggravating factor, or even two or three permissible aggravating factors, related to the defendant's prior convictions, when the court originally relied on both permissible and impermissible factors in selecting the upper term." (*Id.* at pp. 467–468.) "If the answer to both of these questions is 'no,' then it is clear that remand to the trial court for resentencing is necessary." (*Id.* at p. 467, fn. 11.)

We need not go further than the first question. McClay's five other prior DUI convictions were well documented in the probation officer's report and could easily be proved by certified records. We are thus satisfied a jury presented with such records would have found those aggravating circumstances true beyond a reasonable doubt. (See *People v. Flores* (2022) 75 Cal.App.5th 495, 501 [concluding that because the prior convictions are shown on the probation report, a jury reviewing the "official records" of those convictions would have found them true beyond a reasonable doubt].) We therefore conclude the error is harmless and remand is unwarranted.

DISPOSITION

The judgment is affirmed.

DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


IRION, J.

7